## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

NUCOR STEEL-ARKANSAS;                                                      PLAINTIFFS
and NUCOR-YAMATO STEEL COMPANY

v.                                         NO. 3:15CV00333 JLH

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY;
and REGINA MCCARTHY, Administrator                                        DEFENDANTS

### OPINION AND ORDER

Nucor Steel-Arkansas and Nucor-Yamato Steel Company ("Nucor") allege that the United

States Environmental Protection Agency lacks authority to promulgate a federal implementation

plan under the Clean Air Act, 42 U.S.C. § 7410(c)(1), because it did not do so within two years of

partially disapproving Arkansas' state implementation plan.  Nucor previously sought to intervene

in an action brought by Sierra Club against the EPA, but this Court denied Nucor's motion to

intervene and ordered the EPA to promulgate a federal implementation plan by August 31, 2016.

*Sierra Club v. McCarthy*, No. 4:14CV00643 JLH (E.D. Ark.); Documents #60 and #93.  Nucor then

filed its complaint in this matter on October 14, 2015.  Sierra Club has filed a motion to intervene

in this action as of right and, in the alternative, permissively.  Document #7.  It also filed a motion

to dismiss.  Document #10.  Nucor filed a motion to strike Sierra Club's motion to dismiss.

Document #21.  For the following reasons, Sierra Club's motion to intervene is denied and Nucor's

motion to strike is denied as moot.

Federal Rule of Civil Procedure 24(a) provides that

On timely motion, the court must permit anyone to intervene who: . . . (2) claims an
interest relating to the property or transaction that is the subject of the action, and is
so situated that disposing of the action may as a practical matter impair or impede the
movant's ability to protect its interest, unless existing parties adequately represent
that interest.

"To intervene as of right, an applicant must (1) have a recognized interest in the subject matter of the litigation that (2) might be impaired by the disposition of the case and that (3) will not be adequately protected by the existing parties." *Mausolf v. Babbitt*, 85 F.3d 1295, 1299 (8th Cir. 1996). Because Sierra Club failed to establish the EPA will not adequately represent it, the Court need not address the other requirements.

Typically, the burden to demonstrate that the parties to the litigation will not adequately represent the intervenor's interests is minimal. *Id.* at 1303. When one of the parties is a government, however, and the case concerns a matter of sovereign interest, the government is presumed to represent the interests of all of its citizens. *Id.*; *South Dakota ex rel Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 785 (8th Cir. 2003). "Proposed intervenors can rebut this presumption, however, if they can make a strong showing of inadequate representation, for example, by showing that the proposed intervenor's interest is not subsumed within the general interests of the public." *South Dakota v. Ubbelohde*, 330 F.3d 1014, 1025 (8th Cir. 2003). "If the citizen stands to gain or lose from the litigation in a way different from the public at large, the *parens patriae* [the government] would not be expected to represent him." *Chiglo v. City of Preston*, 104 F.3d 185, 188 (8th Cir. 1997). Sierra Club asserts that its interest is in the prompt issuance of a lawful plan for reducing visibility pollution in the Caney Creek and Upper Buffalo wilderness areas and that this is a "narrower and more parochial interest" than the general public's interest. Document #33 at 6. Sierra Club's interest is to ensure the EPA issues a federal implementation plan by the August 31, 2016 deadline established in *Sierra Club v. McCarthy*, No. 4:14CV00643.

While Sierra Club may be correct that it stands to lose in a different way from the public at large, i.e., by losing the judgment it won in *Sierra Club v. McCarthy*, No. 4:14CV00643, that does

not change the fact that the EPA and Sierra Club seek the same result in the present action.  Both the EPA and Sierra Club seek to prevent Nucor from having the EPA's promulgation of a federal implementation plan declared ultra vires.  Although Sierra Club's interests in the substance of the federal implementation plan may be narrower than the EPA's, that is not at issue here.  Here, the EPA does not need to balance competing interests because the substance of the proposed federal implementation plan is not at issue.  Rather, the only issue here is whether the EPA's promulgation of a federal implementation plan would be ultra vires due to the fact that the two-year statutory deadline has passed.  Sierra Club argues that because it and the EPA were at odds in the prior action the EPA cannot adequately represent Sierra Club's interests here, but the fact remains that the only issue here is whether the EPA can follow this Court's order to issue a federal implementation plan by August 31, 2016.  Because the EPA will adequately protect Sierra Club's interest in this action, Sierra Club may not intervene as of right.

Under Federal Rule of Civil Procedure 24(b)(1) the court may permit anyone, on timely motion, to intervene who: "has a claim or defense that shares with the main action a common question of law or fact."  When considering a motion to intervene, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  "The decision to grant or deny a motion for permissive intervention is wholly discretionary."  *South Dakota*, 317 F.3d at 787.  "The principle consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights."  *Id.*  Adequacy of protection is a minor variable, but a legitimate one to consider in the Rule 24(b) analysis.  *Id.*  The first requirement is met in that there are common questions of law and fact between Sierra Club's defense and the EPA's, but to allow Sierra Club to

intervene at this point would be pointless and potentially time consuming. The EPA, as stated above, adequately represents Sierra Club's interests in this action because the interests of the EPA and Sierra Club are exactly the same. The EPA has filed a motion to dismiss, which this Court is granting simultaneously with the entry of this order, so the exact outcome that Sierra Club seeks has been obtained by the EPA. Therefore, Sierra Club's motion for permissive intervention is denied.

Nucor's motion to strike Sierra Club's motion to dismiss is denied as moot because Sierra Club is not a party and its motion to dismiss will not be considered.

**CONCLUSION**

For the reasons stated, Sierra Club's motion to intervene is DENIED. Document #7. Nucor's motion to strike is DENIED. Document #21. Nucor's motion to dismiss is DENIED. Document #10.

IT IS SO ORDERED this 13th day of April, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE