## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

NUCOR STEEL-ARKANSAS;                                                                       PLAINTIFFS
and NUCOR-YAMATO STEEL COMPANY

v.                                     NO. 3:15CV00333 JLH

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY;
and REGINA MCCARTHY, Administrator                                                          DEFENDANTS

### OPINION AND ORDER

Nucor Steel-Arkansas and Nucor-Yamato Steel Company ("Nucor") bring this action against Gina McCarthy in her official capacity as Administrator of the United States Environmental Protection Agency and against the Environmental Protection Agency. Nucor alleges that the EPA will be engaging in ultra vires activity if allowed to promulgate a federal implementation plan for Arkansas because the two-year deadline set forth in the Clean Air Act, 42 U.S.C. § 7410(c)(1), has passed. Nucor seeks declaratory and injunctive relief to prevent such an action. McCarthy and the EPA have filed a motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and, in the alternative, for failure to state a claim pursuant to Rule 12(b)(6). For the following reasons the motion to dismiss is granted.

As a part of the Clean Air Act, Congress has declared as a national goal the prevention of any future, and the remedying of any existing, impairment of visibility, or regional haze, in certain national parks and wilderness areas, which are known as "Class I areas." 42 U.S.C. § 7491 and § 7492. In addition, the "interstate transport" provision of the Act requires that state plans contain provisions adequate to prohibit in-state emissions from impairing visibility in Class I areas in other states. 42 U.S.C. § 7410(a)(2)(D)(i)(II). Like other environmental programs established by Congress, the adoption of plans to accomplish these regional haze goals is a venture in "cooperative

federalism" whereby "the EPA directs states to submit state implementation plans 'to assure reasonable progress toward' the [Clean Air Act's] national visibility goals." *Nat'l Parks Conservation Ass'n v. United States Environmental Protection Agency*, 759 F.3d 969, 971 (8th Cir. 2014) (citing *Visibility Protection for Federal Class I Areas*, 45 Fed. Reg. 80,084, 80,086 (Dec. 2, 1980)). If a state fails to make a required submission, or if the EPA disapproves a state implementation plan in whole or in part, the EPA "shall promulgate a Federal implementation plan at any time within 2 years" unless the state corrects the deficiency and the EPA approves the revised state implementation plan before promulgating a federal implementation plan. 42 U.S.C. § 7410(c)(1).

On March 12, 2012, the EPA disapproved in part the Arkansas state implementation plan regarding the regional haze requirements of 42 U.S.C. § 7491(b)(2)(B) and its regulations, 40 C.F.R. § 51.308(d)(1)(i)(A). *Final Rule*, 77 Fed. Reg. 14,604 (Mar. 12, 2012). The EPA stated in that final rule that within twenty-four months it would either approve a state implementation plan or implement a federal implementation plan. *Id.* at 14,606. The EPA did not receive a revised state implementation plan from Arkansas within two years, nor did it promulgate a federal implementation plan.

On August 6, 2014, Sierra Club commenced an action in the Northern District of California which was subsequently transferred to this Court. The Sierra Club sought (1) a declaration that the EPA's failure to promulgate a regional haze federal implementation plan for Arkansas constituted a failure to perform a nondiscretionary duty and (2) an injunction requiring the EPA to issue such a plan for Arkansas by a date certain. *Sierra Club v. McCarthy*, No. 4:14-CV-00643-JLH (E.D. Ark.). Nucor sought to intervene in that case, but this Court denied Nucor's motion to intervene.

This Court then entered an order directing the EPA to approve a state implementation plan or promulgate a federal implementation plan by August 31, 2016. *Sierra Club*, Document #93. Thereafter, Nucor commenced this action on October 14, 2015, alleging the EPA would be engaging in ultra vires activity if it promulgated a federal implementation plan because more than two years have passed since the EPA disapproved the state implementation plan.

The EPA's argument that the Court lacks subject-matter jurisdiction is a facial attack which restricts the Court to the face of the pleading so that Nucor is entitled to the same protections as it would have in defending against a motion under Rule 12(b)(6). *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The court must accept as true all of the factual allegations contained in the complaint, and must draw all reasonable inferences in favor of the nonmoving party. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014). The complaint must contain more than labels, conclusions, or a formulaic recitation of the elements of a cause of action, which means that the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965.

In its motion to dismiss, the EPA argues that this Court lacks jurisdiction under 28 U.S.C. § 1331 because Congress provided a specific statutory process for judicial review in the Clean Air Act.  42 U.S.C. § 7607(b)(1); Document #30-1 at 7.  In the alternative, the EPA argues that Nucor has failed to state a claim because the *Leedom v. Kyne* exception to the above rule does not apply.  Nucor disagrees and argues that the exception does apply because this is an allegation of ultra vires activity.

The Clean Air Act outlines a detailed scheme of judicial review in 42 U.S.C. § 7607(b)(1).  It provides that final actions of the Administrator of the EPA are to be reviewed exclusively in the courts of appeals.  42 U.S.C. § 7607(b)(1); *State of Mo. v. U.S.*, 109 F.3d 440, 441 (8th Cir. 1997).  A proposed EPA rule is not a final action subject to review and the courts of appeals do not have the authority to review proposed rules.  *In re Murray Energy Corp.*, 788 F.3d 330, 334 (D.C. Cir. 2015).

Nucor argues that because it alleges that promulgating a federal implementation plan after the two-year deadline would be an ultra vires action, its claim falls within the *Leedom v. Kyne* exception.  A court may review an agency's action outside the review provisions afforded by the statute when the agency's action is in excess of delegated powers and contrary to a specific prohibition that is clear and mandatory.  *Leedom v. Kyne*, 358 U.S. 184, 188, 79 S. Ct. 180, 184, 3 L. Ed. 2d 210 (1958).  The exception requires more than a mere allegation of ultra vires action.  *Neb. State Legislative Bd., United Transp. Union v. Slater*, 245 F.3d 656, 660 (8th Cir. 2001).  "As a general rule, courts have interpreted *Kyne* as sanctioning review in a very narrow situation in which there is a plain violation of an unambiguous and mandatory provision of the statute" and not simply where there is a dispute over statutory language.  *Id.* at 659-60 (internal citations omitted); *Bd. of Governors of the Fed. Reserve Sys. v. MCorp Fin., Inc.*, 502 U.S. 32, 44, 112 S. Ct. 459, 466, 116

4

L. Ed. 2d 358 (1991). Without review by the district court, the plaintiff in *Kyne* would have been completely deprived of a meaningful and adequate means of vindicating its statutory rights. *Neb. State Legislative Bd.*, 245 F.3d at 659; *Bd. Of Governors*, 502 U.S. at 43, 112 S. Ct. at 465-66. When determining whether an action is ultra vires, the Eighth Circuit said the *Kyne* rule requires examination of "(1) the clarity and specificity of the bar on review; (2) the breadth of the Agency's statutory authorization; (3) the scope of any express statutory limits on the Agency's authority; and (4) the relationship between the action taken and these other three factors." *Key Med. Supply, Inc. v. Burwell*, 764 F.3d 955, 963 (8th Cir. 2014).

The EPA will not violate an unambiguous and mandatory provision of the Clean Air Act by promulgating a federal implementation plan as previously ordered by this Court. Nowhere does the Clean Air Act state that the EPA cannot promulgate a federal implementation plan after the two-year deadline has passed. Nor is Nucor without meaningful and adequate means of vindicating its statutory rights. Nucor was able to submit comments to the proposed federal implementation plan, and, once the federal implementation plan becomes final, Nucor may appeal the federal implementation plan to the appropriate court of appeals. *See* 42 U.S.C. § 7607(b)(1). "When, as here, there are less drastic remedies available for failure to meet a statutory deadline, courts should not assume that Congress intended the agency to lose its power to act." *Brock v. Pierce Cnty.*, 476 U.S. 253, 260, 106 S. Ct. 1834, 1839, 90 L. Ed. 2d 248 (1986). In deciding the exact issue before this Court, the Ninth Circuit held "that in the absence of any Congressional indication otherwise, the failure to act within two years does not utterly deprive the EPA of authority to promulgate the [federal implementation plan]." *Mont. Sulphur & Chem. Co. v. U.S. E.P.A.*, 666 F.3d 1174, 1191 (9th Cir. 2012).

The EPA's promulgation of a federal implementation plan more than two years after disapproving the state implementation plan will not be an ultra vires agency action. Therefore, this Court lacks jurisdiction, and the complaint must be dismissed.

## CONCLUSION

The EPA's motion to dismiss is GRANTED. Document #30. The complaint of Nucor Steel-Arkansas and Nucor-Yamato Steel Company is dismissed for lack of subject-matter jurisdiction.

IT IS SO ORDERED this 13th day of April, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE